UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GERALD E. MORIN, Personal )
Representative of the Estate of Mary M. )
Morin, )
 )
      *Plaintiff* )
 )
v. ) No. 2:14-cv-222-NT
 )
RUSSELL PARK REHAB & LIVING and )
CLOVER MANOR NURSING HOME, )
 )
      *Defendants* )

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE IN ITS ENTIRETY

On May 30, 2014, when he filed the wrongful death complaint in this case as the personal representative of the estate of his wife, the *pro se* plaintiff also filed an application for leave to proceed *in forma pauperis*. ECF No 5. I grant the plaintiff's request for leave to proceed *in forma pauperis*, but also recommend that the court dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). However, section 1915(e)(2)(B) also provides, in relevant part:

> [T]he court shall dismiss the case at any time if the court determines that
>   (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The complaint asserts claims for the wrongful death of Mary M. Morin and deprivation of the plaintiff's constitutional rights, invoking this court's jurisdiction on the basis of 42 U.S.C. § 1983 and the Nursing Home Reform Amendments ("NHRA"), codified at 42 U.S.C. § 1396r. Pro Se Civil Complaint ("Complaint") (ECF No. 1) at [3], 27 [5].[1] It alleges that Mary M. Morin died as a result of inadequate medical care by defendant Russell Park Rehab & Living and the failure of defendant Clover Manor Nursing Home to timely call a physician to examine her or to call an ambulance to take her to the hospital. *Id*. at [4].

A *pro se* plaintiff's complaint must be read liberally, *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002). Therefore, I assume that the plaintiff means to assert that the constitutional rights of Mary M. Morin were violated by the defendants, not his own constitutional rights. His complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, because the defendants are private parties that cannot be deemed to have been acting under color of state law, a requirement for such claims. *Parham v. Pelletier*, No. 2:11-cv-435-DBH, 2012 WL 987336, at *3 (D. Me. Mar. 21, 2012).

The complaint alleges that the defendants were acting under color of state law because they provided services to Mary M. Morin through the Medicaid program. Complaint at [2]. That is not enough. "It is abundantly clear, however, that 'government regulation, even extensive regulation, and the receipt of [government] funds, such as Medicare, Medicaid and Hill-Burton funds, are insufficient to establish that a hospital or other entity acted under color of state law.'" *Peters v. Applewood Care & Rehab. Ctr.*, No. 12-cv-233-PB, 2012 WL 3777438, at *2 (D.N.H. Aug. 30,

---

[1] The plaintiff also invokes 42 C.F.R. § 483.120(b), Complaint at [3]; Plaintiff Gerald E. Morin's Reply and Answer to Defendant Russell Park's Motion to Dismiss ("Reply")(ECF No. 7) at 1 [2], but, in most instances, a regulation may not provide the necessary basis for a claim under section 1983. *See, e.g., Lane v. Fort Walton Beach Housing Auth.*, 518 Fed.Appx. 904, 914-15, 2013 WL 2150922, at **9 (11th Cir. May 20, 2013); *Ford v. Donovan*, 891 F.Supp.2d 60, 67 (D.D.C. 2012). In addition, the cited regulation merely defines nursing home residents with mental illness who must receive specialized services, a matter that is not put in issue by the complaint, however liberally read.

2012) (quoting *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 258 (1st Cir. 1994)). In his response to defendant Russell Park's motion to dismiss on this point, Reply at 1 [2], the plaintiff cites case law dealing with the federal statutory requirement that states provide specialized services to nursing home residents who are mentally ill, *Rolland v. Romney*, 318 F.3d 42, 50-51 (1st Cir. 2003); the question of whether only certain federal statutes provide the basis for a claim under § 1983, *Maine v. Thiboutot*, 448 U.S. 1, 4-5 (1980); and the nature of rent paid by low-income tenants under the Housing Act of 1937, *Wright v. City of Roanoke Redev. Auth.*, 479 U.S. 418, 420 n.3 (1987).[2] Those requirements do not provide the basis for this complaint, which deals with regular medical services, or the lack thereof, provided to Mary M. Morin.

It is only in rare circumstances that private parties can be viewed as state actors, and none of the tests for such an event listed by the First Circuit can be met by the allegations of the complaint in this case. In *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 5 (1st Cir. 2005), the First Circuit set out the tests applicable here: the state compulsion test, the nexus/joint action test, and the public function test. Even upon a liberal reading of the complaint, the state cannot fairly be deemed to have compelled the defendants to do what they are alleged to have done or failed to do (the state compulsion test);[3] the state has not insinuated itself into a position of interdependence with the defendants such that it may fairly be said to have been a joint participant in the alleged activity or failure to act (the nexus/joint action test); and it cannot be said that the defendants' alleged actions and failures to act performed a function that had traditionally been the exclusive prerogative of the state (the public function test). *Id.* at 4-5; *see also Benjamin v. Aroostook Med. Ctr.*, 937 F. Supp. 957, 969-71 (D. Me. 1996).

---

[2] I mention the case law cited by the plaintiff outside his complaint in connection with this section 1915 analysis in order to give him the benefit of the broadest possible understanding of his legal position.
[3] Acting in accordance with state statutes or regulations does not constitute state compulsion for purposes of this test. *Estades-Negroni*, 412 F.3d at 5-6.

The same outcome befalls the plaintiff's claim under 42 U.S.C. § 1396r. It is well established in the case law that the NHRA does not provide a private right of action against nursing homes. *E.g., Prince v. Dicker*, 29 Fed.Appx. 52, 54, 2002 WL 226492, at **2 (2d Cir. Feb. 14, 2002); *Schwerdtfeger v. Alden Long Grove Rehab. & Health Care Ctr., Inc.*, No. 13 C 8316, 2014 WL 1884471, at *5-*6 (N.D. Ill. May 12, 2014). The analysis in *Schwerdtfeger*, relying on Supreme Court and Seventh Circuit precedent, effectively distinguishes *Grammer v. John J. Kane Reg'l Centers-Glen Hazel*, 570 F.3d 520, 525-28 (3d Cir. 2009), the only contrary opinion of which I am aware.

The opinion in *Sanguinetti v. Avalon Health Care, Inc.*, No. 1:12-CV-0038 AWI SKO, 2012 WL 2521536, at *4-*6 (E.D. Cal. June 28, 2012), is on point and particularly persuasive. In that case, the personal representative of an estate brought suit against a skilled nursing facility for wrongful death, invoking section 1983 and the NHRA. *Id*. at *1. The court, in an extensive opinion that surveyed the existing relevant case law, held that the language of the NHRA does not indicate an intent to create a private right; nothing in its provisions "unambiguously indicates the intent of Congress to confer a right on patients that can be vindicated by way [of] section 1983." *Id*. at *5. The court also noted that "There is no language in either the Medica[re] or Medicaid statutes that could be interpreted as establishing" a claim for wrongful death. *Id*. at *6.

The plaintiff has no private right of action under the NHRA.

To the extent that the complaint may be read to allege additional claims under Maine law, the court should decline to exercise its pendent jurisdiction over those claims at this early stage of the litigation. *Global Tower Assets, LLC v. Town of Rome*, No. 1:14-cv-00085-GZS, 2014 WL 3784233, at *11 (D. Me. July 31, 2014); *see also Flood v. Maine Dep't of Corrections*, No. 1:11-cv-00270-NT, 2012 WL 5389529, at *1 (D. Me. Nov. 2, 2012).

**Conclusion**

For the foregoing reasons, the plaintiff's request for leave to proceed *in forma pauperis* is **GRANTED**, and I recommend that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 8th day of August, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge